UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| | |
|---|---|
| KAREN SCHULTE, *individually and on behalf of all others similarly situated,* )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CONOPCO, INC, d/b/a Unilever, )<br>WALGREEN CO., )<br>CVS PHARMACY, INC., )<br>WALMART, INC., )<br>TARGET CORPORATION, )<br>SCHNUCK MARKETS, INC., and )<br>DIERBERGS MARKETS, INC., )<br>)<br>Defendants. ) | Case No. 4:19 CV 2546 RWS |

## MEMORANDUM AND ORDER

Plaintiff Karen Schulte filed this proposed class action lawsuit in state court. She alleges in her complaint that the defendants have violated the Missouri Merchandising Practices Act, § 407 RSMo, by engaging in the discriminatory marketing of men and women's antiperspirants. Defendant Conopco, Inc. removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). After removal, I ordered the parties to address whether Schulte's claim falls under one of CAFA's exceptions to the exercise of jurisdiction under 28 U.S.C. § 1332(d)(3) (permissive remand) or 28 U.S.C. §

1332(d)(4) (mandatory remand). In response Schulte filed a motion to remand asserting that her claim falls under an exception. Defendants oppose the motion. After reviewing the complaint and the parties' briefs, I find that CAFA jurisdiction was permissively invoked in this matter and that Schulte has failed to establish her claim meets a CAFA exception to jurisdiction. As a result, I will deny Schulte's motion to remand.

### *Background*

Defendant Conopco, Inc., doing business as Unilever, manufactures personal care products including antiperspirants. Unilever makes a Dove brand product line of antiperspirants for women under the name "Advanced Care." Plaintiff Schulte alleges in her complaint that this product is sold in packaging which is more "feminine" and available in "feminine" scents (fifteen scents and varieties). This product is marketed to women in advertising and is found for sale in the "women's" section of stores.

Unilever also makes a Dove brand antiperspirant product line for men called "Men + Care." According to Schulte's complaint this product is marketed in more "masculine" packaging and comes in a variety of "masculine" scents. It is marketed to men and sold in the "men's" section of stores.

2

Case: 4:19-cv-02546-RWS   Doc. #:  37   Filed: 07/17/20   Page: 3 of 10 PageID #: 244

Schulte alleges that the women's and men's brands contain the same active ingredients.  However, the men's brand does not contain a minor ingredient, hydroxyethyl urea, found in the women's brand and the men's brand contains multiple additional ingredients.  In addition, the men's brand provides 2.7 ounces of product while the women's brand contains less, 2.6 ounces of product.

Schulte alleges that she purchased six sticks of Advanced Care from six different sellers, the Retail Defendants, in June of 2019.  On information and belief, Schulte alleges that the Retail Defendants were also selling Dove's Men + Care at the time of her purchases.  On information and belief, Schulte alleges that the price for the women's Advance Care product was higher than the men's Men + Care product at each of the Retail Defendants' stores ranging from 40 cents to $1.00 higher per stick of antiperspirant.

Schulte alleges that despite containing the same active ingredient, and the women's brand containing slightly less product, the women's Advanced Care was uniformly more expensive than the Men + Care.  Schulte alleges that this is a gender-discriminating pricing scheme, a "pink tax," that is arbitrary and unjustified and constitutes an unfair practice in violation of the MMPA.

Schulte seeks to certify this case as a class action consisting of "All Missouri consumers, who, within the Class Period, purchased the 'Dove' – brand 'Advance

3

Care' Antiperspirant (the 'Product') from any of the Retail Defendants in the State of Missouri." [Doc. # 5 at ¶20]  The Class Period is defined as beginning five years prior to the filing of this lawsuit.

Defendant Unilever removed this case from state court under CAFA, 28 U.S.C. § 1332(d).  After removal I ordered the parties to brief whether permissive or mandatory remand was required under a CAFA jurisdictional exception in 28 U.S.C. § 1332(d)(3) or (4).  In response Schulte filed a motion to remand under the jurisdictional exception in § 1332(d)(4)(A).  Defendants (with the exception of Walgreen Co. who has not been served) oppose remand and argue that Schulte has failed to meet her burden of proof to establish that the jurisdictional exception applies.

*Legal Standard*

The propriety of removal to federal court depends on whether a claim comes within the scope of the federal court's subject matter jurisdiction.  See 28 U.S.C. § 1441(b).  The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  Because the removing party bears the burden of proof all doubts in establishing federal jurisdiction must be resolved in favor of remand.  Id.  This jurisdictional doubt standard also applies in cases

4

removed under CAFA.  Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010).  However, once CAFA's initial jurisdictional standards have been established by the removing party, the burden of proof shifts to the party seeking remand to establish that one of CAFA's jurisdictional exceptions applies to the case.  Id.  Because the party seeking remand bears the burden of proof to establish a CAFA jurisdictional exception it is not entitled to the benefit of the doubt.  All doubts about the applicability of CAFA's jurisdictional exception will be resolved against the party seeking remand.  Id. at 823.

*Discussion*

CAFA provides that federal courts have jurisdiction over class actions based on state law when (1) there is "minimal" diversity, meaning that at least one plaintiff and one defendant are from different states; (2) the amount in controversy exceeds $5,000,000; and (3) the action involves at least 100 class members.  28 U.S.C. § 1332(d).  CAFA grants broad jurisdiction to federal courts over class action lawsuits and provides very narrow and limited exceptions to that jurisdiction.  Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010).

Unilever permissibly removed this case under CAFA.  Because Unilever is a New York Corporation with its principal business in New Jersey and Plaintiff

5

Schulte is a Missouri citizen CAFA's minimum diversity requirement has been met. The parties do not dispute that the case in controversy exceeds $5,000,000 and that the proposed class exceeds 100 members.

Schulte's motion to remand is based on the "local-controversy" exception to jurisdiction under § 1332(d)(4)(A). That exception requires a district court to decline jurisdiction when, as relevant here, (1) greater than two-thirds of the class are *citizens* of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed whose alleged conduct forms a significant basis for the claims asserted and from whom significant relief is sought by members of class; and (3) the injuries resulting from the alleged conduct were incurred in the state where the action was filed. 28 U.S.C. § 1332(d)(4)(A) (emphasis added).

In her motion to remand Schulte asserts that these requirements have been met. She argues that although her proposed class is composed of Missouri *consumers* rather than citizens who purchased Advance Care products in Missouri it can be inferred that at least two-thirds of the class members must be Missouri citizens as required under the jurisdictional exception. She asserts that even if the term Missouri consumers could be interpreted to mean Missouri residents who bought Advance Care products an "overwhelming" probability is established that

6

the consumers are Missouri citizens.

Defendants counter that the proposed class defined as Missouri *consumers* who purchased Advance Care products leaves to conjecture whether two-thirds of the class are Missouri citizens as required by 28 U.S.C. § 1332(d)(4)(A)(i)(I). Class citizenship is determined "as of the date of the pleading giving federal jurisdiction." Hargett v. evClaims, LLC, 854 F.3d 962, 967 (8th Cir. 2017). Schulte's proposed analogy of equating consumers with residents is unavailing. Residents are not the same as citizens. The citizenship requirement of CAFA cannot be satisfied by a class defined as residents rather than citizens. Id. at 966. Schulte's assertion that her proposed class is composed of at least two-thirds of Missouri citizens cannot rest on guesswork. Id. To establish that a proposed class is composed predominately of local citizens the plaintiff must produce "sound evidence" supporting that allegation or define the class a composed of local "citizens." Id. She has failed to provide "sound evidence" that two-thirds of the class are citizens and it is difficult to conceive how she could identify all the people who purchased the Advance Care products in Missouri over the past five years and then determine their citizenship. She has also failed to limit her proposed class to Missouri citizens in her complaint. Moreover, Schulte cannot establish a CAFA jurisdiction exception by filing an amended complaint that

7

redefines her proposed class as Missouri citizens after the case has been removed. Id. at 967. Because Schulte is not entitled to the benefit of doubt to presume that two-thirds of the class are Missouri citizens she cannot meet her burden to establish an exception to jurisdiction in this Court under CAFA.

Likewise, Schulte fails to establish another requirement for her proposed jurisdictional exception. She argues that two of the defendants, Schnucks Markets, Inc. and Dierbergs Markets, Inc., are Missouri citizens whose alleged conduct forms a significant basis for the claims and from whom significant relief is sought by the class members. Her complaint does not support this proposition. To determine whether a local defendant's actions form a significant basis for the claims asserted by the proposed class a court compares the alleged conduct of the local defendant to the alleged conduct of all the defendants. Atwood v. Peterson, 936 F.3d 835, 840 (8th Cir. 2019). The local defendant must be a primary focus of the claims of the proposed class and not just be peripheral defendant. Id. (citing S. Rep. No. 109-14, 40). In her complaint Schulte alleges that "Unilever is the manufacturer and distributor of the product at issue, and therefore controls pricing of the product and is thus responsible for the conduct complained herein." [Doc. # 5 at ¶ 15] She also alleges that "Unilever prices and sells the Product in a gender-discriminatory fashion to the Retail Defendants, and is therefore

8

responsibe; for, and an active participant in, the 'unfair practice' violating the MMPA." [Id. at 12 n.11]  Schulte alleges that the Retail Defendants like Schnucks and Dierbergs sell the Advanced Care products directly to consumers [Id. at ¶ 27] and charge more for the Advance Care products than for the Men + Care products.  [Id. at ¶ 49]  Based on the complaint it is Unilever's control of pricing that is the primary focus for the claims of the proposed class.  Schnucks and Dierbergs are the conduits passing that pricing on to the consumer.  They are peripheral defendants.

     Moreover, Schulte does not seek significant relief from Schnucks and Dierbergs.  Defendants have provided information regarding the sales of their Advance Care products in Missouri from the Retail Defendants from 2014 through 2018.  Total sales in this period were $4,883,434.  Dierbergs accounted for $71,655 or 1.5% and Schnucks accounted for $158,108 or 3.2% of gross sales. [Doc. # 33 at 7]  These figures include the wholesale cost of the product that would be paid to Unilever resulting in a far lower share of the sales proceeds attributable to Schnucks and Dierbergs.  As a result, these figures reveal the proposed class does not seek significant relief from Schnucks and Dierbergs compared to the relief sought from Unilever and the other Defendants.

9

Based on the foregoing I find that Schulte has failed to meet her burden of proof to establish a jurisdictional exception under § 1332(d)(4)(A).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Karen Schulte's motion to remand [28] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2020.